UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERRY ANTONOPOULOS, on behalf of Plaintiff and a class,<br><br>   Plaintiff,<br><br>   vs.<br><br>FIRSTSOURCE ADVANTAGE, LLC,<br><br>   Defendant. | Case No.: 22-cv-03330<br><br>Removal from the Circuit Court for the 18th Judicial Circuit, Dupage County, Illinois (Case No. 2022-LA-00116) |

**FIRSTSOURCE ADVANTAGE, LLC'S NOTICE OF REMOVAL**

Defendant Firstsource Advantage, LLC ("Defendant") hereby removes the action described below from the Circuit Court for the 18th Judicial Circuit, Dupage County, Illinois (the "State Court"), pursuant to Sections 1331, 1441(c), and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Defendant states as follows:

**I.   THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441**

On or about February 1, 2022, Plaintiff Sherry Antonopoulos ("Plaintiff") filed a putative class action Complaint in the State Court, entitled *Sherry Antonopoulos et*

*al. v. Firstsource Advantage, LLC*, Case No. 2022-LA-000116. (*See generally* Compl., attached as **Exhibit A**.)

Plaintiff alleges, among other things, that Defendant caused a letter to be mailed to Plaintiff in an attempt to collect a debt owed by Plaintiff. (Compl. ¶¶ 16-17.) In doing so, Plaintiff alleges that Defendant transmitted Plaintiff's private debt-related information to a third-party letter preparation vendor without Plaintiff's authorization or consent. (*Id.* at ¶¶ 18-20.) These allegations are asserted on behalf of both Plaintiff and a putative class identified as follows:

> (a) all individuals in DuPage County (b) with respect to whom Defendant had a letter prepared and sent by a letter vendor (c) on behalf of the same creditor as Exhibit A (d) which letter was sent at any time during a period beginning 1 year prior to the filing of this action and ending 30 days after the filing of this action.

(*Id.* at ¶ 39.)

Based on the above-described conduct, Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f of the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* at ¶¶ 36-37; *see also id.* at p. 5 ("COUNT I – FDCPA").)

In addition to his FDCPA claim, Plaintiff also alleges a claim under the Illinois Collection Agency Act. (*Id.* at p. 8 ("COUNT II – ILLINOIS COLLECTION AGENCY ACT").) The facts in support of this claim arise out of the same nucleus of operative facts pertaining to Plaintiff's FDCPA claim, and thus form part of the "same case or controversy" pursuant to 28 U.S.C. § 1367(a). Like her FDCPA claim, Plaintiff bases her state law claim under the Illinois Collection Agency Act ("ICAA") on Defendant's alleged improper disclosure of Plaintiff's private identifying information to a third-

party letter preparation vendor without her consent. (Compl. at ¶¶ 47-51.) Further, like the FDCPA claim, Plaintiff asserts her ICAA claim on behalf of herself and a putative class consisting of the following individuals: "(a) all individuals with addresses in DuPage County (b) with respect to whom Defendant had a letter prepared and sent by a letter vendor (c) seeking to collect a debt owed to the same creditor as Exhibit A (d) which letter was sent at any time during a period beginning 1 year prior to the filing of this action and ending 30 days after the filing of this action." (*Id.* at ¶ 53.)

Because it can be plainly ascertained from the face of the Complaint that this action arises under federal law (*i.e.*, the FDCPA), and that the state law claim is based upon facts that are part of the "same case or controversy" as the federal law claim, this Court has both original jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1441(c), respectively.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

On or about February 1, 2022, Plaintiff filed this action in the State Court. Defendant was served with the Complaint on February 3, 2022. This Notice of Removal is timely in that it was filed within 30 days from the time Defendant had notice that the action was removable, and less than a year after the commencement of the action. *See* 28 U.S.C. § 1446(b).

The State Court is located within the United States District Court for the Northern District of Illinois, Eastern Division. *See* 28 U.S.C. § 93(a)(1). Thus, venue

is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1446(a), the documents attached as **Exhibit A** are copies "of all process, pleadings, and orders" served on Defendant. Defendant has not yet answered or otherwise responded to the Complaint.

In compliance with 28 U.S.C. § 1446(d), Defendant will serve on Plaintiff and file with the Clerk of the State Court a written notice of the filing of this Notice of Removal, attaching a copy of this Notice of Removal.

No previous application has been made for the relief requested herein.

**WHEREFORE**, Defendant respectfully removes this action from the State Court to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Dated: March 3, 2022     By:    */s/ Matthew D. Kelly*
Matthew D. Kelly
SEGAL MCCAMBRIDGE
  SINGER & MAHONEY, LTD.
233 S. Wacker Drive, Suite 5500
Chicago, IL 60606
mkelly@smsm.com
(312) 645-7800

*Attorney for Firstsource Advantage, LLC*

4

## CERTIFICATE OF SERVICE

I certify that on **March 3, 2022**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and served the foregoing Notice of Removal upon the counsel of record listed below, via regular U.S. Mail, proper postage pre-paid, from the offices of Segal McCambridge Singer & Mahoney, Ltd., Willis Tower, Suite 5500, 233 S. Wacker Drive, Chicago, IL 60606:

Daniel A. Edelman
Dulijaza (Julie) Clark
Julia Ozello
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
courtecl@edcombs.com

*Plaintiff's Counsel*

By: */s/Matthew D. Kelly*
     Matthew D. Kelly

5